v. Yolanda Adams v. Ford Motor Co v. Ford Motor Co v. Ford Motor Co v v v v v v v v v v v v v v v v v v v I will read. Having heard and read the representations of counsel, and upon due consideration thereof, the court finds that Vincent A. Coliani, Sr. has engaged in misconduct by his post-verdict communication with a juror in contravention of the American Bar Association model rules. He doesn't tell us. One can glean from that that he means just mere communication. There had been a policy in the Virgin Islands under various judges prior to the adoption of Rule 83-2. Some judges said, I don't want post-trial communications whatsoever with a jury without my written approval beforehand. Don't we have to look at what the judge said in light of the evidence that was in front of the judge? I mean, what was in front of the judge was the juror's statement that she felt very uncomfortable, that the call was inappropriate, that it struck her as bordering on harassment and reprehensible. I mean, this wasn't the judge just doing this in a vacuum. He's got the juror telling him how she felt in the context of being put on the speakerphone and having this call. Are we to ignore that and say, gee, I wonder what was bothering the judge? No. Certainly that's a point well taken, Your Honor, but we're talking about a conversation that took place one minute where the juror, no matter what he said, she might have felt harassed, coerced, or otherwise. We don't know that. Merely because the recipient of the phone call says X, Y, and Z, that doesn't make it X, Y, and Z. Here we have a conversation. But even if, I hope I'm answering the court's question on the merits, but what I'm getting to is without the procedural safeguards, I respectfully say to this court, you ought not to permit this type of an order that totally violates the procedural rules that the judge is expected to follow. Let's stick with the merits for a second and then get to your procedure. It's also a fact, isn't it, that Mr. Coliani started trying to explain his view of the law to the juror? He certainly did, and he told the judge that he made a mistake as to what the state of the law was. What possible purpose could there have been in arguing the law to the juror after the fact? What innocuous reason could there be? I'm sorry, I didn't hear the last part. What innocuous reason could there be? I can give it to you, Your Honor. I think it was a terrible blunder. Was it a misrepresentation? No, sir, if I may. Preparing for that question, I looked up the word misrepresentation in Black's dictionary. And it really sounds in fraud, deceit, and ultimately to get one to change a position. Assuming that the juror had answered either way, it would have had no consequences ultimately. If the juror said, no, we didn't expect a further reduction, that wouldn't have assisted. And if she said, oh yes, I thought the judge was going to do a further reduction, that didn't advance Mr. Coliani's client's position. It was the wrong question. I totally agree, Your Honor. But that was not a misrepresentation, harassment, or coercion. Mr. Baralcon, how could, and this will allow you to delve into your procedure argument, you had this phone call, and your client understood he perhaps made a mistake of some sort. Yes, sir. But how should have Magistrate Judge Cannon handled this situation? What do you think he should have done? I think what he should have done, sir, was in following the procedural set up by the local rules of the district court, having heard of a potential grievance or a violation of the American Bar Association's rules, what he should have done was send it to the chief judge. That's our procedure. The chief judge, if he believes there's merit to it, he or she then sends it to the grievance committee under seal for a full investigation. And that grievance committee is set up with the VI Bar Association? Yes, sir. And what's troubling you, Your Honor, if I may? Okay, let me go back and let's go to Stapleton's initial question. Why then shouldn't your appeal have been to the district court? To have said what you just said here, which would have been Magistrate Cannon had this question in front of him, he should have appealed it to the district court's chief judge, and we're here to ask you to take the appropriate procedure. Why wouldn't that be the appropriate step here for you? If I understand it correctly, you're saying that his failure to send it to the chief judge should have required an appeal to the district court. Well, I'm in the odd position, Your Honor, of saying that since he is acting by, as Judge Jordan asked, by mutual consent to act as the district court judge. You don't have that step to go. I just don't see it, Your Honor. In other words, to get where you want to go, you have to come here. I think so, sir. Did Mr. Culiani object in front of the district court to the way the district court was proceeding? No, sir, and for a very good reason. In fact, he actively participated in the hearings and presented his side of it. There was no testimony, was there? Pardon me? Were there any witnesses? No, and to answer, responding to Judge Jordan for the moment, Judge Jordan, that is a collateral, no, it's an important sub-issue in terms of following notice and procedures. You can see in this record that my client understood that he was going in front of Magistrate Judge Cannon to explain the phone call. There was no indication at that stage that he was being answerable to a grievance, so therefore there was no objection at all, Your Honor, and that's the position of my client. And if I may... Well, when you say there was no indication that he was dealing with misconduct or he was facing some... Okay, yes, sir. We're going to give Mr. Alcon another additional three minutes. Oh, thank you. Yes, sir. I mean, he knew he was being hauled in to talk about misconduct, right? That's too difficult a word for me to concede, Your Honor. I would think he was brought in to explain the purpose of the phone call. For example, Judge Cannon, in his opinion, said, I'm calling you in because I want to know what your intent was. He didn't say, you know, Mr. Poliani, there seems to be misconduct here and I'm alerting you to the fact that I may be bypassing the rules and going right into a disciplinary hearing. That was not part of the record. What he said, I want to hear what this is all about. For example, it would have been fine if he said, you know, before I pass this on to the Chief Judge, I want to hear what you have to say. And then after hearing it, the correct procedure would have been to send it up to the Chief Judge. And you know, Your Honors, there's another provision in our disciplinary rules that say, in a slightly different context, if the grievance or the complaint involves something with reference to the trial judge, he really ought to have it passed on by somebody else. And what happened here, we had a contentious trial, and Judge Cannon even goes to the extent of saying in the transcript, you know, Mr. Poliani called me on the phone and I didn't appreciate that. Well, the point is, maybe that's not the judge that should have been hearing that, and that's why we have these procedural safeguards. And all I'm saying is that on the basis of the failure to follow these procedural safeguards, with all due respect, Your Honors, the merits become secondary. We can't just bypass procedural safeguards because we believe the result is ultimately the correct one. That's not what we do under the rule of law. Therefore, what I'm really more concerned with is, I'm asking this court, of course, on behalf of my client, to vacate. I'm troubled about the taint of that with reference to any further proceedings in this matter. We're small. Here we have the grievance committee has got to know that the judge or magistrate has already found them guilty of misconduct. Where does that put them? And that's as troubling as the fact that these procedural safeguards weren't obeyed. What do you want us to do? Thank you, Your Honor. A, I would like you to vacate this order. And do what? A, vacate and dismiss. But if I can't get that, I want it to be vacated and sent back with instructions that the procedural safeguards be adhered to. And after vacating the order, have the judge magistrate send it to the chief judge for further consideration. All right. We'll have you back on the floor. Thank you, sir. Ms. Kinney? May it please the court. Erin Kinney on behalf of Ford Motor Company. We have an interesting jurisdictional issue here. Was this a sanction? It's Ford's position that this wasn't. This is a small community. And the judge did what he thought was right to keep the lawyers in check and to make sure we can keep getting jurors who aren't afraid of being harassed after trial and about their verdicts. And I think that the context is really important in this case. When you consider a verdict came out, this was a couple hours later, the very same afternoon this juror had entered her verdict. She got a phone call from plaintiff's counsel questioning her and telling her incorrect information about the verdict that she had just entered, in which, by the way, is the same verdict that is being challenged in a separate appeal on the merits of that judgment. Are you questioning Mr. Colliani's standing to challenge? Absolutely. We don't think this was a sanction. We think this was the judge seeing something going on that needed to be addressed immediately and a very appropriate way for any lawyer to have something looked into that they think is improper, including a judge, is to have it referred to the bar. Well, did the judge say something on the record about this is misconduct? The order says that this was misconduct and it violated an ADA rule. Okay. And in your view, a finding of misconduct is not a sanction against the lawyer? Depends on which circuit you're looking at. There are cases going both ways. In our view, we think the judge did an appropriate thing in the circumstances. I'm not asking whether it was appropriate or not what he did. I'm talking about the legal characterization. You're challenging standing and you're making it on the basis that this really isn't a sanction. Right. And I'm pressing you on that a little bit because I guess I'm wondering what the logical basis is for saying that if a court says, I find you to have violated the Code of Professional Responsibility, you're guilty of misconduct, I'm sending this to the Bar Association's Disciplinary Committee for further action, you look at that and you say, no, that's not a sanction. What do you call that? Well, I think it's... An unfortunate outcome for the lawyer? I mean, what do you say it is? Well, I think it's the equivalent of a show cause order. I mean, the judge isn't doing anything at that point. He hasn't said come show cause why I shouldn't say that you have committed misconduct. That's true. He said, you committed misconduct. And the judge also said, and I'm not sanctioning you. So this is a different case. This is different than anything I've seen that the other circuits have addressed. And I tried to present both sides in my brief to say, you know, we really don't know. This is sort of an in-between issue that I haven't seen anything quite like it before. I think when you do look at this case, it's important to note that the judge specifically said, I'm not sanctioning you. I think what you did was wrong. And I think the appropriate authorities should look at it. Well, if somebody punches someone and says, I'm not punching you, does that make it not a punch? Well, of course not. But that's why I'm glad I'm not a judge, because I think it is a fine line. And I'm putting it out there for wiser people than I am to decide. This is a tricky case. And I think that the context really does matter here. And I think that the small community here really does matter. And we want jurors who aren't afraid to do what they think is right. And we want judges to be able to take the actions they think are right. So go to the procedural issue, because that's what your opponent has obviously tried to stifle into merits, for understandable reasons, and has focused strongly on the procedures. Answer, if you would, those arguments. Well, what he's referring to is Local Rule 83.2. And that does set forth a procedure for the judicial system to take action against a lawyer. And the judge here said, I'm not going to do that. I think, in a way, it's interesting that counsel is almost arguing that the judge was too lenient, because he said, I'm not going to go through that formal procedure and disbar you myself. I'm going to have people who are experts in issues like this, such as ethics, which is the Bar Association, to do this and to use their discretion to do it. So in our opinion, it wasn't the formal 83.2 where the court appoints a prosecutor to look into this matter, and then the prosecutor reports back, and then the chief judge makes findings and takes action on the court's own behalf. We view this as a different matter altogether. This was less formal. This is referred to as VI Local Rule 83.2. Is it one adopted by the district court, or is it one adopted by the Virgin Islands Court? Whose local rule is it? I found it on the district court's local rules. I don't know what state court does here, so I can't answer that. This was the local rule that the court was traveling under, and we don't think it applies. We think that the judge was really restrained in how he dealt with this. He found that something improper happened and said, let's have the authorities look into this, but I'm not going to do anything to you about it. Where do you say it goes from here? Let's just say we agree with your position and we affirm the district court. Where does it go? The bar does whatever it's going to do. Are those local rules applicable? To the bar association. I don't know how they proceed. I know they have their own ethics rules. There's another set of rules that apply. I would imagine it goes to a grievance committee, and they're going to apply whatever bar rules that they're going to apply. I'm not sure how they're going to do that specifically, but the court's going to be through with it at that point. Can you respond to the notice aspect of Mr. Alkin's argument, saying that Mr. Coliani really didn't have notice he was being hauled in for a misconduct question? I think he was absolutely on notice. He was on notice the moment that the juror called the district court and said that there was a problem, and the judge called counsel and said, no more contact with jurors, and immediately set a hearing for the following business day. The very first thing the judge did at the beginning of that hearing was to read model rule 3.5 into the record, and then counsel was given an opportunity to explain and was very clearly trying to say I didn't commit any violation, then was given an opportunity to submit something in writing addressed 83.2 and 3.5, was clearly arguing I didn't do anything wrong. Ford's written submission was actually entitled a misconduct memorandum. So this was clearly something that counsel knew was at issue and was trying his best to explain why this was not a violation of the rules. So as far as a due process violation, and there was no, he didn't challenge his opportunity to be heard. This was strictly a notice issue as far as I understand it. So he clearly was on notice here and didn't argue anything else was deficient. Is there anything else I can answer for you? Thank you so much. Thank you, Ms. King. Mr. Altman. Of course, Judge Cannon didn't disbar, suspend Mr. Coliani. But if he had followed the procedures, he would not have disbarred, suspended, or reprimanded Mr. Coliani. What he would have done had he followed the procedures that he was supposed to follow, would merely gather the information and send it to the chief judge, who then would make the determination whether or not the matter deserved to be sent to the Bar Association. And, you know, finally... Wait, wait. Stop there for a moment. Yes, sir. So your argument, is your argument that there's some due process violation in a district court judge saying, I'm calling the bar disciplinary people myself, or is it more specifically that the court is bound to follow its own rules, or is it both? Do you understand what I'm trying to ask? Yes, I think it's probably both. But I think the stronger argument is that the court should have followed the procedures that are set forth to protect the members of the bar and also to support the public. For example, he refused to seal this order. Your Honor, that's one of the procedural safeguards, that when it goes to the chief judge, if he decides that it's worthy of further work, he sends it to the Bar Association under seal. This judge was requested, please, Your Honor, if that's the way it's going to be, at least seal it. He says, no, I'm not even going to seal it. He did not follow the procedural safeguards that our district court set up with reference to attorney misconduct. And therefore, as I said when I began this argument, without procedural safeguards, we're in trouble. And that's why I'm not so sure that with all due respect that the merits are the important factor here. The important factor is following the procedural safeguards so that the rule of law is firmly established. Thank you, Your Honor. One last thought. Good morning, Judge Stapleton. It's been a long time since I argued before. It's nice to see you, sir. Thank you. Good to see you. Thank you to both counsel for very helpful arguments. And we'll take this matter under court.